UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL J. BANAS

                Plaintiff,

-against-

                                                  **AMENDED COMPLAINT**

CITY OF LACKAWANNA,
POLICE OFFICER NICHOLAS DESANTIS,
POLICE OFFICER JASON SZENTESY,              **Civ. No.: 1:20-cv-01116**
POLICE OFFICER CHUCK JAWORSKI,
POLICE OFFICER AARON BRENNAN,and
POLICE OFFICER(S) JOHN DOE, Individually and as
Employee(s) of the City of Lackawanna and
Lackawanna Police Department,

                Defendants.

---

Plaintiff, MICHAEL J. BANAS, by and through his attorneys, Chiacchia & Fleming, LLP, Tiffany M. Kopacz, *of counsel*, as and for his first amended complaint against the defendants respectfully alleges the following upon direct knowledge and/or upon information and belief:

## THE PARTIES

1. That at all times relevant herein, plaintiff, MICHAEL J. BANAS (hereinafter "BANAS" and/or "plaintiff"), was and continues to be an individual residing in the Village of Blasdell, County of Erie and State of New York.

2. That at all times relevant, the defendant CITY OF LACKAWANNA (hereinafter "CITY") was and continues to be a municipal corporation duly organized and maintained pursuant to the laws of the State of New York with principal offices for

the conduct of its business located in the City of Lackawanna, County of Erie, and State of New York, and is responsible for the operation and supervision of the City of Lackawanna Police Department, a governmental agency duly authorized and maintained by the defendant City of Lackawanna, with the power and authority to investigate and enforce the laws within City of Lackawanna.

3. Upon information and belief and at all relevant times hereinafter mentioned, and more specifically on July 31, 2019, defendant POLICE OFFICER NICHOLAS DESANTIS (hereinafter "DESANTIS"), was and continues to be a resident of the County of Erie, State of New York.

4. Upon information and belief and at all relevant times hereinafter mentioned, and more specifically on July 31, 2019, defendant POLICE OFFICER JASON SZENTESY (hereinafter "SZENTESY"), was and continues to be a resident of the County of Erie, State of New York.

5. Upon information and belief and at all relevant times hereinafter mentioned, and more specifically on July 31, 2019, defendant POLICE OFFICER CHUCK JAWORSKI (hereinafter "JAWORSKI"), was and continues to be a resident of the County of Erie, State of New York.

6. Upon information and belief and at all relevant times hereinafter mentioned, and more specifically on July 31, 2019, defendant POLICE OFFICER AARON BRENNAN (hereinafter "BRENNAN"), was and continues to be a resident of the County of Erie, State of New York.

7. Upon information and belief and at all relevant times hereinafter mentioned, and more specifically on July 31, 2019, defendant POLICE OFFICER(S)

JOHN DOE was and continues to be a resident of the County of Erie, State of New York.

8. Upon information and belief and at all times hereinafter mentioned, and more specifically on July 31, 2019, defendants DESANTIS, SZENTESY, JAWORKSI, BRENNAN and DOE were employed by defendant CITY, vested with the powers and duties as law enforcement officer(s) for the CITY Police Department.

9. Upon information and belief and at all times hereinafter mentioned, and more specifically on July 31, 2019, defendants DESANTIS, SZENTESY, JAWORKSI, BRENNAN and DOE were in the course of their employment for the CITY Police Department and acting under color of law when they encountered plaintiff BANAS and engaged in the wrongful, negligent, unconstitutional, reckless, improper, tortious and unlawful conduct set forth herein.

## NATURE OF ACTION

10. This action arises from the defendants' improper, negligent, reckless, wrongful, unconstitutional, tortious and unlawful conduct which deprived BANAS of his constitutional and statutory rights and caused him various physical and emotional injuries and damages.

## CONDITION PRECEDENT

11. Prior to the commencement of this action, on or about October 23, 2019, and within 90 days after the claim arose, plaintiff caused a Notice of Claim to be duly served upon defendant CITY.

12. More than thirty (30) days have elapsed since the demand and/or claim upon which this action is predicated was presented to the CITY, and it has failed,

neglected and/or refused to pay and/or adjust the claim within the statutory period of time.

13.  This action has been timely commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

## FACTUAL ALLEGATIONS

14.  On July 31, 2019 at or around 6:00-6:30 p.m., plaintiff BANAS was lawfully riding his bicycle in a southerly direction on South Park Avenue in the City of Lackawanna, County of Erie, and State of New York, and had just passed through the parking lot of Bella Pizzeria when he was, without warning, provocation or justification, physically assaulted and grabbed from his bicycle and thrown to the ground by CITY Police Officer(s) DESANTIS, SZENTESY, BRENNAN, JAWORSKI and/or DOE.

15.  As a result of this physical take-down from his bicycle, BANAS sustained permanent injuries to his left leg and knee, including a tibial plateau fracture, together with additional physical and emotional injuries.

16.  Upon information and belief, defendants DESANTIS, SZENTESY, BRENNAN, JAWORSKI and/or DOE were acting in their official capacity at the time.

17.  After plaintiff was physically assaulted, grabbed off of his bicycle and thrown to the ground causing the aforesaid injuries to his left leg, defendants' aforesaid Officers arrested BANAS, placed him in handcuffs and forcibly pushed him into a police vehicle.

18.  The Officer defendants' initial contact with BANAS, as well as their subsequent interaction, was not the result of a lawful stop or arrest.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Excessive Force)

19.     Plaintiff repeats and realleges paragraphs "1" through "18" as if fully set forth herein.

20.     Throughout the events recited herein, defendants subjected plaintiff BANAS to the deprivation of his constitutionally protected rights, privileges, and immunities to be free from unreasonable and excessive force, assault and battery of his person and cruel and unusual punishment.

21.     The laws of the United States and State of New York against assault, battery, harassment, excessive force, menacing and reckless endangerment prohibit the actions taken by Officers DESANTIS, SZENTESY, BRENNAN, JAWORSKI and/or DOE on July 31, 2019 against the plaintiff.

22.     These acts taken by Officers DESANTIS, SZENTESY, BRENNAN, JAWORSKI and/or DOE were excessive, unreasonable, unjustifiable, wrongful, reckless, intentional, willful, malicious, excessive, deliberately indifferent and/or taken in bad faith with the intent to harm and harass the plaintiff and were unconstitutional.

23.     These actions by Officers DESANTIS, SZENTESY, BRENNAN, JAWORSKI and/or DOE subjected plaintiff to a deprivation of rights and privileges secured to him by the Constitution and laws of the United States, including the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution, within the meaning of 42 U.S.C. Section 1983, as well as under Article 1, Section 5 of the New York State Constitution.

24. Defendants' actions were taken under the color of state law and the defendants knew or should have known that the conduct complained of herein was contrary to well-established and incontrovertible constitutional law and principles and statutory rights.

25. As a direct result of the above-described conduct by defendants, plaintiff BANAS has suffered severe physical injuries, emotional harm and distress, mental anguish, shock, as well as humiliation, and has incurred health care expenses for same, and was rendered sick, sore, lame and disabled, suffering loss of enjoyment and quality of life.

26. As a result of the aforementioned wrongful acts or inactions of the defendants, plaintiff has incurred damages in an amount to be determined after trial and/or after further analysis of the physical injuries and the costs for treating same.

27. This action falls within one or more of the exceptions set forth in CPLR §1602.

28. The amount of damages sought by the plaintiff herein exceeds the jurisdictional limits of all lower courts, and this action is properly commenced in the Supreme Court of New York pursuant to CPLR §3017(c).

## AS AND FOR A SECOND CAUSE OF ACTION
### (Assault)

29. Plaintiff repeats and realleges paragraphs "1" through "18" and "20" through "28" as if fully set forth herein.

30. That on July 31, 2019, plaintiff was lawfully riding his bicycle on South Park Avenue when defendants DESANTIS, SZENTESY, BRENNAN, JAWORSKI

and/or DOE, while employed by defendant CITY and acting in their official capacity as police officers, placed plaintiff BANAS in apprehension of imminent harmful, injurious and offensive contact.

31.  That defendants DESANTIS, SZENTESY, BRENNAN, JAWORSKI and/or DOE, while employed by defendant CITY and acting in their official capacity as police officers, and having the training, experience and possession of dangerous weapons, did in fact have such capability to cause the harmful, injurious and offensive bodily contact to the plaintiff herein.

32.  That defendants DESANTIS, SZENTESY, BRENNAN, JAWORSKI and/or DOE, while employed by defendant CITY and acting in their official capacity as police officers, and having the training, experience and possession of dangerous weapons, intentionally and deliberately physically assaulted the plaintiff by forcibly grabbing him off of his bicycle.

33.  That the conduct by defendants DESANTIS, SZENTESY, BRENNAN, JAWORSKI and/or DOE, while employed by defendant CITY and acting in their official capacity as police officers, was without just cause or provocation and plaintiff did not consent to such conduct.

34.  That by reason of the foregoing, plaintiff BANAS suffered severe physical injuries, emotional harm and distress, mental anguish, shock, as well as humiliation, and has incurred health care expenses for same, and was rendered sick, sore, lame and disabled, suffering loss of enjoyment and quality of life.

35.  As a result of the aforementioned wrongful acts of the defendants, plaintiff has incurred damages in an amount to be determined after trial and/or after further

analysis of the physical injuries and the costs for treating same.

36. This action falls within one or more of the exceptions set forth in CPLR §1602.

37. The amount of damages sought by the plaintiff herein exceeds the jurisdictional limits of all lower courts, and this action is properly commenced in the Supreme Court of New York pursuant to CPLR §3017(c).

## AS AND FOR A THIRD CAUSE OF ACTION
### (Battery)

38. Plaintiff repeats and realleges paragraphs "1" through "18", "20" through "28" and "30" through "37" as if fully set forth herein.

39. That on July 31, 2019, plaintiff was lawfully riding his bicycle on South Park Avenue when defendants DESANTIS, SZENTESY, BRENNAN, JAWORSKI and/or DOE, while employed by defendant CITY and acting in their official capacity as police officers, intentionally made harmful, injurious and offensive physical contact with plaintiff and grabbed, tackled, pulled and/or threw plaintiff to the ground during their encounter.

40. That defendants DESANTIS, SZENTESY, BRENNAN, JAWORSKI and/or DOE, while employed by defendant CITY and acting in their official capacity as police officers, intended to subject the plaintiff to harmful, injurious and offensive bodily contact.

41. That the physical contact perpetrated by defendants DESANTIS, SZENTESY, BRENNAN, JAWORSKI and/or DOE, while employed by defendant CITY and acting in their official capacity as police officers, was without just cause or

provocation and plaintiff did not consent to such conduct.

42. That the physical contact and force used by defendants DESANTIS, SZENTESY, BRENNAN, JAWORSKI and/or DOE was grossly excessive and unreasonable under the circumstances.

43. That by reason of the foregoing, plaintiff BANAS suffered severe and permanent physical injuries, emotional harm and distress, mental anguish, shock, as well as humiliation, and has incurred health care expenses for same, and was rendered sick, sore, lame and disabled, suffering loss of enjoyment and quality of life.

44. As a result of the aforementioned wrongful acts of the defendants, plaintiff has incurred damages in an amount to be determined after trial and/or after further analysis of the physical injuries and the costs for treating same.

45. This action falls within one or more of the exceptions set forth in CPLR §1602.

46. The amount of damages sought by the plaintiff herein exceeds the jurisdictional limits of all lower courts, and this action is properly commenced in the Supreme Court of New York pursuant to CPLR §3017(c).

## AS AND FOR A FOURTH CAUSE OF ACTION
(Battery by Public Officer or Authority)

47. Plaintiff repeats and realleges paragraphs "1" through "18", "20" through "28", "30" through "37" and "39" through "46" as if fully set forth herein.

48. That on July 31, 2019, plaintiff was lawfully riding his bicycle on South Park Avenue when defendants DESANTIS, SZENTESY, BRENNAN, JAWORSKI

and/or DOE, while employed by defendant CITY and acting in their official capacity as police officers, intentionally made harmful, injurious and offensive physical contact with plaintiff and grabbed, tackled, pulled and/or threw plaintiff to the ground during their encounter.

49. That defendants intended to subject the plaintiff to harmful, injurious and offensive bodily contact and did in fact subject the plaintiff to harmful, injurious and offensive bodily contact.

50. That the physical contact perpetrated by defendants DESANTIS, SZENTESY, BRENNAN, JAWORSKI and/or DOE, while employed by defendant CITY and acting in their official capacity as police officers, was without just cause or provocation and plaintiff did not consent to such conduct.

51. That the physical contact and force used by defendants DESANTIS, SZENTESY, BRENNAN, JAWORSKI and/or DOE was grossly excessive and unreasonable under the circumstances.

52. That the seizure, detention and restraint of plaintiff was without cause and was unjustified.

53. That given that defendants DESANTIS, SZENTESY, BRENNAN, JAWORSKI and/or DOE were acting in their official capacity as City of Lackawanna police officers and performing duties related thereto, said defendants are additionally liable for battery and tortious conduct against the plaintiff committed in their performance of a public duty.

54. That by reason of the foregoing, plaintiff BANAS suffered severe and permanent physical injuries, emotional harm and distress, mental anguish, shock, as

well as humiliation, and has incurred health care expenses for same, and was rendered sick, sore, lame and disabled, suffering loss of enjoyment and quality of life.

55. As a result of the aforementioned wrongful acts of the defendants, plaintiff has incurred damages in an amount to be determined after trial and/or after further analysis of the physical injuries and the costs for treating same.

56. This action falls within one or more of the exceptions set forth in CPLR §1602.

57. The amount of damages sought by the plaintiff herein exceeds the jurisdictional limits of all lower courts, and this action is properly commenced in the Supreme Court of New York pursuant to CPLR §3017(c).

## DEMAND FOR PUNITIVE DAMAGES

58. The actions of the individual defendants herein were extreme and outrageous and shock the conscience of a reasonable person and, consequently, plaintiff seeks an award of punitive damages as appropriate to punish those defendants for their deliberate indifference and malice towards the plaintiff and his rights as outlined above.

59. Based on the foregoing, plaintiff demands judgment against defendants in an amount to be determined at trial.

**WHEREFORE,** plaintiff BANAS respectfully demands judgment:

    a. Awarding plaintiff compensatory and special damages against defendants and each of them jointly and severally, in amounts to be determined at trial;

    b. Awarding plaintiff punitive damages against all individual defendants in amounts to be determined by a properly instructed jury;

        c.      Awarding plaintiff attorney's fees, and the reasonable costs and expenses of this action;

        d.      Awarding plaintiff interest on the aforementioned Judgments; and

        e.      Granting plaintiff such other and further relief as may be just and proper.

Dated: January 4, 2020
Hamburg, New York

*[signature]*
Tiffany M. Kopacz, Esq.
***CHIACCHIA & FLEMING, LLP***
Attorneys for the Plaintiff
Office and Post Office Address
5113 South Park Avenue
Hamburg, New York 14075
Telephone: (716) 648-3030